FILED
COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WKS

CLERK

| | | |
|---|---|---|
| MATTHEW M. WRIGHT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Sheriff JAMIL SABA, Medical Director | : | NO. 1:06-cv-128 (WLS) |
| DAN HAGGERTY, and Nurse PEGGY | : | |
| CHESTER, | : | |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **MATTHEW M. WRIGHT**, an inmate at the Dougherty County Jail in Albany, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee of $7.00 as ordered by this Court on September 26, 2006.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff brings this section 1983 action for $3 million dollars in damages against Sheriff Jamil Saba, Medical Supervisor Dan Haggerty, and Nurse Peggy Chester, all of the Dougherty

County Jail ("DCJ"). In his complaint, plaintiff alleges that between September 3, 2006, and September 13, 2006, the medical staff at the DCJ dispensed the wrong medication to plaintiff on two occasions. The first occasion caused plaintiff's blood pressure to drop so low that he "could not move without a wheelchair." On the second occasion, plaintiff's blood pressure rose, causing him to feel light headed.

Plaintiff further alleges that the medical staff refused to treat his constipation. When one or more nurses finally saw plaintiff at 2:30 a.m. on September 13, 2006, they refused to call a doctor because of the hour. Plaintiff was ultimately given two unspecified pills and sent back to his cell.

Plaintiff also generally complains about the conduct of the medical staff, namely, that they "treat inmates real nasty" and make inmates wait to receive health care, despite the inmates' filing medical request forms.

## III. DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." "Deliberate indifference " has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Every claim by a prisoner that he has not received adequate medical treatment does not

state a violation of the Eighth Amendment. *McElligott*, 182 F.3d at 1254.  To state a valid claim under the above standard, the plaintiff must allege some purposeful or intentional denial of necessary medical treatment or at least that the medical treatment that was given was so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988); *Ancata v. Prison Health Services*, 769 F.2d 700, 703-04 (11th Cir. 1985).  "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976).

### A. Nurse Peggy Chester

Plaintiff failed to state specific allegations against Nurse Chester in his complaint. Assuming that Nurse Chester was the nurse who dispensed the wrong medication to plaintiff, plaintiff makes no claim that she exhibited "deliberate indifference" in giving plaintiff the wrong medicine.  Thus, his complaint asserts at most a claim for medical malpractice arising out of negligence.  As stated above, mere negligence does not constitute a valid constitutional claim.

### B. Sheriff Jamil Saba and Medical Director Dan Haggerty

Plaintiff's claims against Sheriff Jamil Saba and Medical Director Dan Haggerty appear to be based on a theory of *respondeat superior*.  Sheriff Saba and Medical Director Haggerty cannot be held liable for plaintiff's claims of negligence by other medical personnel because there is no *respondeat superior* liability in section 1983 cases. *See Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).  Plaintiff makes no allegation of direct wrongdoing by either defendant.

Moreover, as discussed above, even if these defendants acted negligently, such acts would not constitute the "deliberate indifference" necessary to support a valid claim.

## IV. CONCLUSION

The Court has carefully considered all allegations raised by plaintiff and finds them to be without merit. In light of the above, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this _6th_ day of October, 2006.

W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE